IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER S. HAMMANN, <br><br> Plaintiffs, <br> v. <br><br> CITY OF NEW HAVEN, <br><br> Defendants, | Case No. 4:25-CV-00065-MTS <br><br><br> JURY TRIAL DEMANDED |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW Defendant City of New Haven (the "City") and offers the following memorandum in support of its motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure:

### INTRODUCTION

Plaintiff Christopher Hamman was employed as the Chief of Police for the City of New Haven. (Complaint ¶ 6). Plaintiff alleges that he was forced to resign from his employment with the City due to discrimination related to an unspecified disability. His Complaint asserts a variety of violations under Title VII of the Civil Rights Act of 1964 (Title VII), the Americans with Disabilities Act of 1990 (ADA), the Age Discrimination in Employment Act of 1967 (ADEA), and the Missouri Human Rights Act (MHRA) – the majority of which never appear in his underlying Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). Plaintiff's allegations fail to demonstrate that he timely filed his underlying EEOC Charge, a statutory prerequisite to filing suit. Beyond the fact that Plaintiff failed to administratively exhaust most of his present claims, as he was required to do prior to initiating this

lawsuit, the Complaint fails to sufficiently explain the factual basis for any of his theories. Instead, Plaintiff throws a litany of claims at the wall in hopes that one will stick. These "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" must be dismissed. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## STATEMENT OF ALLEGED FACTS

The following are the relevant facts alleged in the Complaint:[1] In August, 2023, Plaintiff resigned from his employment with the City of New Haven because the City "continuously refused to provide reasonable accommodations for his disabilities." (Complaint ¶7). Plaintiff is a male over the age of forty (40). (Complaint ¶9). Following his resignation, the City hired a new police chief under the age of 40. (Complaint ¶10). Plaintiff filed a Charge of Discrimination in "early 2024" and received a right to sue letter dated October 18, 2024. (Complaint ¶1).

The Charge of Discrimination[2] reflects that Plaintiff digitally signed and filed his charge with the Equal Employment Opportunity Commission on July 12, 2024. The allegations of the Charge state:

> I was hired by [the City] on November 15, 2018, and held the position title of Chief of Police. I quit on August 31, 2023. In April of 2021 and September of 2022, I was injured in the line of duty. In each instance, I provided a doctor's note for reasonable accommodations to my city administrator.
>
> I complained to the City Administrator and the City Clerk about not receiving accommodations. They would either not reply or respond to my requests or tell me they would look into it. I never received any accommodations and because of that, I felt compelled to quit in August of 2023.

---

[1] Defendant accepts Plaintiff's allegations as true for purposes of this Motion only.
[2] The Court can consider the Plaintiff's Charge of Discrimination even though it is not attached to Plaintiff's Complaint. See *Blakley v. Schlumberger Tech. Corp.,* 648 F.3d 921, 931 (8th Cir. 2011) ([T]he court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record. We have previously held that an EEOC charge is part of the public record and may be considered on a motion to dismiss.").

2

I believe I have been discriminated against because of my disability in violation of the Americans with Disabilities Act of 1990, as amended.

The EEOC issued a right to sue letter on October 18, 2024. (Complaint ¶1).

Plaintiff filed a single count, 14-paragraph Complaint on January 15, 2025 alleging that the City refused to provide reasonable accommodations for his "disabilities" and treated Plaintiff "differently" than employees under the age of 40. (Complaint ¶¶ 7 and 12). Plaintiff's claims in the Complaint exceed the scope of his Charge in that in addition to disability discrimination, he now asserts claims of age discrimination in violation of the ADEA. On the face of the Complaint and the Charge of Discrimination, Plaintiff's claims are time-barred and he has failed to exhaust his administrative remedies. For these reasons, Plaintiff's Complaint must be dismissed.

**STANDARD OF REVIEW**

The court considers a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) under the same standards as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility if the pleading's factual content supports a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Id*. at 556).

When evaluating a motion to dismiss, the Court should accept all well-pleaded facts as true and draw all reasonable inferences in the non-movant's favor. See *Gallagher,* 699 F.3d at 1016. By contrast, bare legal conclusions "are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679. The Court may properly consider "the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Roe v. Nebraska*, 861

3

F.3d 785, 788 (8th Cir. 2017) (internal citation and quotation marks omitted). The Court should dismiss where the allegations "show on the face of the complaint that there is some insuperable bar to relief." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).

**ARGUMENT**

Plaintiff's claims are barred on the face of the Complaint and the Charge of Discrimination because he failed to file a timely charge of discrimination and failed to exhaust his administrative remedies. Plaintiff fails to plead any fact demonstrating that he exhausted his administrative remedies, as necessary to brings claims under Title VII, the ADA, the ADEA, or the MHRA. Importantly, Plaintiff fails to comply with the statutorily prescribed conditions precedent under Title VII, the ADA, MHRA and ADEA. Moreover, the allegations fail to establish a plausible claim that the City of New Haven is liable for any violations under Title VII, the ADA, MHRA, or ADEA. Rather, Plaintiff's threadbare recitation of elements, conclusions, and general accusations fall far short of demonstrating Plaintiff's compliance with the underlying statutory condition precedents under Title VII, the ADA, the ADEA, or the MHRA.

Title VII, the ADA, and the ADEA each require that prior to filing a suit in federal court, Plaintiff must exhaust his administrative remedies under the EEOC. *See Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 222 (8th Cir. 1994). (Before filing suit in federal court for a claim under Title VII, Plaintiff must exhaust administrative remedies by filing a charge with the EEOC); 42 U.S.C. § 12117(a) (the remedies and procedures set forth in Title VII, including those pertaining to exhaustion, apply to persons alleging employment discrimination based on disability); and 29 U.S.C. § 626(d)(1) (requiring individuals to file a charge with the EEOC prior to filing suit under the ADEA and that such charges shall be filed within 180 days after the alleged unlawful practice occurred.).

Accordingly, prior to filing suit for a claim under Title VII, the ADA or the ADEA, Plaintiff must timely file a charge of discrimination and receive a right to sue letter. *Stuart v. General Motors, Corp.,* 217 F.3d 621, 630 (8th Cir. 2000) (before initiating a claim under Title VII, the plaintiff must filed a timely charge of discrimination with the EEOC and receive a right-to-sue letter). A charge is timely if it is filed within 180 days after the alleged unlawful employment practice occurred, or if the charge is initially instituted with a State or local agency, within 300 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1) and 29 U.S.C. § 626(d)(1)(A).

The MHRA also requires Plaintiff to exhaust his administrative remedies. *See Tart v. Hill Behan Lumber Co.,* 31 F.3d 668, 671 (8th Cir. 1994) (before initiating a civil action under MHRA, claimant must exhaust administrative remedies by filing an administrative complaint and obtaining a right to sue letter) and *Williams v. City of Kansas City,* 641 S.W. 3d 302, 318 (Mo. App. W.D. 2021) ("Before a claimant under the MHRA files suit in the circuit court, he is required to file a verified complaint with the Commission in order to give the agency the opportunity to determine the validity of the claim, to investigate, and to determine if there is probable cause that discrimination has taken place."). Any complaint filed under the Missouri Human Rights Act must be filed within one hundred eighty days of the alleged act of discrimination and no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party. R.S.Mo. § 213.075.1 and R.S.Mo. § 213.111.1.

Here, the Charge of Discrimination states that Plaintiff resigned on August 31, 2023. Plaintiff's Charge of Discrimination was filed on July 12, 2024. Pursuant to 42 U.S.C. 2000e-5(e)(1) and/or 29 U.S.C. § 626(d)(1), Plaintiff must have filed his Charge <u>on or before February 27, 2024</u>. Likewise, under R.S.Mo. § 213.075.1, Plaintiff must have filed his Charge as to any

5

potential claims <u>on or before February 27, 2024</u>, or 180 days from the last day of employment. Thus, under both the EEOC, as well as the MHRA, Plaintiff has failed to timely file his Charge and therefore, his claims under Title VII, the ADA, ADEA and the MHRA are time-barred and must be dismissed.[3]

Plaintiff's Complaint also alleges claims outside the scope of his Charge of Discrimination. Under the EEOC, the Charge of Discrimination must contain a written statement "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). "If the EEOC gives the individual a right-to-sue letter following the EEOC investigation, the charge limits the scope of the subsequent civil action because the plaintiff may only seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Cottrill v. MFA, Inc.,* 443 F.3d 629, 634 (8th Cir. 2006). "Permitting claims to be brought in court which are outside the scope of the EEOC charge would circumscribe the EEOC's investigatory and conciliatory role and deprive the charged party notice of the charge." *Id.*

Likewise, exhaustion under the MHRA requires a claimant to give notice of all claims of discrimination. *Alhalabi v. Missouri Dep't of Nat. Res.,* 300 S.W.3d 518, 525 (Mo. Ct. App. 2009) Administrative remedies are deemed exhausted only as to those claims like or reasonably related to the allegations of the administrative charge. *Id.*

---

[3] This analysis provides the most liberal of interpretations using the date Plaintiff's employment ended on August 31, 2023. However, using strict construction, Plaintiff alleges that the underlying injuries and adverse employment actions occurred in April 2021 and September 2022. Therefore, the more appropriate analysis would use April 2021 and/or September 2022 to calculate the necessary deadlines under each respective statute. Either way, the deadline for filing a claim under Title VII, the ADA, ADEA and the MHRA expired long before Plaintiff filed his initial Charge.

6

Here, Plaintiff's Charge of Discrimination alleges a disability discrimination claim and denial of accommodation. Plaintiff's Complaint alleges that he was discriminated against because of his age. The EEOC Charge alleges no facts concerning Plaintiff's age. Nor does the EEOC Charge allege any adverse employment action because of Plaintiff's age. Furthermore, Plaintiff has alleged no fact purporting that his claim for age discrimination arises out of or reasonably relates to the disability discrimination claims alleged in Plaintiff's Charge of Discrimination. Accordingly, Plaintiff has failed to exhaust his administrative remedies as to any claim for age discrimination because he has not filed an underlying Charge of Discrimination pursuant to the EEOC or the MHRA.

Plaintiff's claims are fundamentally flawed and overly vague, as he improperly conflates multiple distinct potential causes of action into one broad, disjointed omnibus claim. This claim is further complicated by the fact that it is framed under various federal and state statutes, without providing any concrete or specific factual allegations to substantiate the claims. Indeed, under every potential cause of action – Title VII, the ADA, the ADEA, or the MHRA – Plaintiff has failed to file a timely charge of discrimination and has failed to exhaust his administrative remedies. For these reasons, Plaintiff's Complaint must be dismissed.

Respectfully submitted,

**HELLMICH, HILL & RETTER, LLC**

*/s/ Rachel Bates*
RACHEL BATES #68696MO
1049 North Clay Avenue
St. Louis, MO  63122
Phone: 314-646-1110
Fax:    314-646-1122
*Counsel for Defendant City of New Haven*

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that on the 25th day of March, 2025, a true and accurate copy of the foregoing was served via first class mail, electronic mail and/or served via the Court's electronic filing system to the following:

SWIECICKI & MUSKETT, LLC
Christopher S. Swiecicki #38402
16100 Chesterfield Parkway W, Suite 368
Chesterfield, MO 63017
636.778.0209 Office
314.341.5796 Cell
636.238.4358 Fax
Chris@SwiecickiLaw.com
*Attorney for Plaintiff*

                */s/ Rachel Bates*