**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER S. HAMMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-cv-00065-MTS |
| | ) | |
| CITY OF NEW HAVEN, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Christopher S. Hammann filed this discrimination case against Defendant the City of New Haven.  Doc. [1].  Defendant answered, Doc. [6], and sought judgment on the pleadings a short time later, Doc. [8].  Plaintiff failed to oppose Defendant's Motion under the Local Rule.  *See* E.D. Mo. L.R. 4.01(B).  Because of this failure, the Court ordered Plaintiff to show cause why the Court should not grant Defendant's unopposed Motion for Judgment on the Pleadings or otherwise dismiss this action for Plaintiff's failure to prosecute it.  Doc. [10].  Though the Court ordered Plaintiff to do so by April 18, Plaintiff filed nothing until April 21 when he filed a Motion by Consent to Respond to Defendant's Motion for Judgment on the Pleadings.  Doc. [11].  That Motion did not explain the delay and did not attempt to show cause why an extension was proper.  *See* Fed. R. Civ. P. 6(b)(1)(B).

Nevertheless, without waiting for the Court to rule on the Motion, Plaintiff filed his Response to Defendant's Motion for Judgment on the Pleadings.  Doc. [12].  The Response failed to address the merits of the allegations at all.  Rather, Plaintiff's Response incorrectly

stated that Defendant's Motion for Judgment on the Pleadings was improper because Defendant had not filed an Answer. *See* Fed. R. Civ. P. 12(c) (allowing a motion for judgment on the pleadings only *after* the pleadings are closed). But Defendant did file an Answer. Doc. [6]. Because Plaintiff failed to obey the Court's Order by failing to show cause why the Court should not grant Defendant's Motion, the Court will dismiss this action. *See Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1259 (8th Cir. 1997) ("A district court has the power to dismiss a litigant's cause of action when the litigant fails to comply with the court's orders.").

The Court will dismiss this action for the additional reason that Defendant's Motion is well taken. *See Scott v. State of Tennessee*, 878 F.2d 382 (6th Cir. 1989) (per curiam table decision) ("Because the plaintiff failed to make a timely response to defendants' motion, the district court properly deemed the plaintiff to have waived his objections and found the defendants' motion to be meritorious."); *Farraj v. Cunningham*, 659 F. App'x 925, 927 (9th Cir. 2016) (mem.) (affirming the district court's dismissal of plaintiff's complaint "based on his failure to oppose the motions to dismiss"). Without anything to the contrary from Plaintiff, the Court agrees dismissal is appropriate for the reasons stated in Defendants' Motion. *See Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 667 (D.C. Cir. 2017) (explaining "our adversarial system relies on the arguments presented in the parties' briefs"); *cf. Brown v. Fifth Jud. Dist. Drug Task Force*, 255 F.3d 475, 476 (8th Cir. 2001) (reviewing district court's dismissal for plain error where plaintiff did not respond to defendant's motion to dismiss). The Court cannot see how Plaintiff's charge of discrimination was timely brought. *See* Doc. [9] 4–5. Nor does the Court find Plaintiff's

Complaint to be plausibly pleaded.  *See id.* at 2 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Kiefer v. Isanti County*, 71 F.4th 1149, 1152 (8th Cir.), *cert. denied*, 144 S. Ct. 353 (2023) ("In responding to a motion for judgment on the pleadings, the plaintiff bears the burden of showing the complaint sufficiently states a claim for relief that is plausible on its face.").  Plaintiff's Complaint is not even three full pages, and in it, he does not allege *any* facts about his disability and, as for his age, states only that he is "over the age of forty."  *See generally* Doc. [1].

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings, Doc. [8], is **GRANTED**.  A separate Order of Dismissal dismissing this action will be entered herewith.

Dated this 25th day of April 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE